UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RENE GIBSON, SR.                                CIVIL ACTION

VERSUS                                          NUMBER: 06-9033

MARLIN N. GUSMAN, ET AL.                        SECTION: "C"(5)

**REPORT AND RECOMMENDATION**

In October of 2006, Rene Gibson, Sr., pro se plaintiff herein, submitted the above-captioned 42 U.S.C. §1983 complaint to the Court for filing against defendants, Sheriff Marlin N. Gusman, Lieutenant Bell, Major Pittman, and Mark Terral of the Orleans Parish Prison. (Rec. doc. 7). Plaintiff was granted leave to proceed in forma pauperis on November 30, 2006. (Rec. doc. 6). Plaintiff subsequently amended his complaint to add Sgt. Brown as an additional defendant. (Rec. doc. 8). Ultimately, summonses were issued as to the five named defendants and were forwarded to plaintiff along with a letter advising him that the Marshal was available to effect service on his behalf pursuant to Rule 4(c)(2), Fed. R. Civ. P. (Rec. doc. 9).[1]/ Plaintiff apparently availed

---

[1]/ Although the Marhsal is authorized to effect service on plaintiff's behalf pursuant to Rule 4(c)(2) and 28 U.S.C. §1915(d),

himself of that opportunity and four of the defendants were successfully served by the Marshal and have since filed answers to plaintiff's complaint. (Rec. docs. 12-15, 16, 18). However, a review of the record did not reveal that any similar activity occurred with respect to Sgt. Brown.

In accordance with Local Rule 16.2E, and after the passage of the requisite period of time, plaintiff was ordered to show cause ("Rule to Show Cause"), in writing, as to why his claim against Sgt. Brown should not be dismissed for failure to prosecute. (Rec. doc. 20). On April 25, 2007, plaintiff filed a pleading he denominated a "Motion for Ruleing/Motion for Cousel/Rule to Show Cause" in which he essentially argues the merits of his §1983 claim against Sgt. Brown, asks the Court to rule on a motion for summary judgment that he filed on February 12, 2007, and seeks the appointment of counsel. (Rec. doc. 21). Plaintiff's filing does nothing to explain why Sgt. Brown has not been served in this matter.

Rule 4(m), Fed.R.Civ.P., provides that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the Court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that

---

plaintiff is still required to present the Marshal with a completed USM-285 form, summons, and a copy of his complaint for each defendant to be served.

service be effected within a specific time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service of an appropriate period." The jurisprudence has come to expect strict compliance with the service rules within the one hundred twenty-day period prescribed by the Rule 4(m) and its predecessor. See, e.g., Lambert v. United States, 44 F.3d 296 (5th Cir. 1995); Peters v. United States, 9 F.3d 344 (5th Cir. 1993); McGinnis v. Shalala, 2 F.2d 548 (5th Cir. 1993), cert. denied, 510 U.S. 1191, 114 S.Ct. 1293 (1994); Trania v. United States, 911 F.2d 1155 (5th Cir. 1990).

It has now been over five months since Sgt. Brown was added as a defendant in this case and proof of service on him is lacking. By scheduling the rule to show cause, the Court hoped to bring this deficiency to the attention of plaintiff and to impress upon him the need to prosecute his case as to all named defendants. Unfortunately, plaintiff's response to the show cause order sheds no light on his failure to have Sgt. Brown served. As plaintiff is proceeding pro se in this matter, these failures are attributable to him alone. Accordingly, it will be recommended that plaintiff's claim against Sgt. Brown be dismissed with prejudice for failure to prosecute pursuant to Rule 4(m), Fed. R. Civ. P.

Turning now to the pleading plaintiff filed in response to the Court's Rule to Show Cause, he seeks summary judgment in his favor based on the fact that the four defendants who have filed an answer

3

to his complaint admitted to the allegations contained in paragraph three thereof.  Paragraph III of the standardized §1983 form completed by plaintiff is but a listing of the originally named parties to this suit – plaintiff, Sheriff Gusman, Lt. Bell, and Major Pittman.  (Rec. doc. 7, p. 4).  In the answers that they filed herein, defendants "... admit[ted] the allegations contained in Paragraph III of the Complaint as it pertains to status buy deny all others contained therein."  (Rec. docs. 16, p. 2; 18, p. 2). Defendants' mere admissions to possessing the titles that they hold falls far short of establishing every element of plaintiff's §1983 claims against them sufficient to warrant the entry of summary judgment under Rule 56(c), Fed.R.Civ.P.  See  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552-53 (1986). Finally, having considered the factors set forth in Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982), it will be recommended that the request for appointment of counsel included in plaintiff's response to the Rule to Show Cause be denied.

## RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's claim against Sgt. Brown be dismissed with prejudice for failure to prosecute pursuant to Rule 4(m), Fed. R. Civ. P.

It is further recommended that plaintiff's requests for summary judgment and for the appointment of counsel be denied.

4

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this <u>10th</u> day of <u>   May   </u>, 2007.

_____<br>
ALMA L. CHASEZ<br>
UNITED STATES MAGISTRATE JUDGE