UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RENE GIBSON, SR. — CIVIL ACTION

VERSUS — NUMBER: 06-9033

MARLIN N. GUSMAN, ET AL. — SECTION: "C"(5)

**REPORT AND RECOMMENDATION**

Presently before the Court is defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Rec. doc. 24).[1]/ For the reasons that follow, it is recommended that defendants' motion be granted.

Pro se plaintiff, Rene Gibson, Sr., filed the above captioned 42 U.S.C. §1983 proceeding in forma pauperis against defendants, Sheriff Marlin N. Gusman, Lieutenant Bell, Major Pittman, and Mark

[1]/ The matter before the Court was actually denominated by defendants as a combined opposition to plaintiff's request for summary judgment and their own motion to dismiss. The Court previously addressed plaintiff's request for summary judgment in the Report and Recommendation issued earlier in this case. (Rec. doc. 23).

Terral of the Orleans Parish Prison ("OPP"). (Rec. doc. 7). An additional defendant, Sgt. Brown, was added via an amended complaint but has never been served.[2]/ (Rec. doc. 8). Plaintiff, who was incarcerated on a municipal charge at OPP from September 22, 2006 until November 6, 2006, complained of the fact that he was housed in an overcrowded jail with accused murders and capital offenders who sometimes urinated over plaintiff's head while he was sleeping on the floor. (Rec. doc. 7, pp. 4-5). In his prayer for relief, plaintiff requested one thousand dollars per day for each day that he was allegedly subjected to such substandard conditions. (Id. at p. 5).

Defendants now move for the dismissal of plaintiff's complaint, arguing that the placement and classification of prisoners is a matter left to the discretion of prison officials and that plaintiff has failed to allege a physical injury, thus barring his request for compensatory damages under 42 U.S.C. 1997 §1997e(e) of the Prison Litigation Reform Act ("PLRA"). Plaintiff has filed no opposition to defendants' motion.

Defendants are correct that inmates have no protectable property or liberty interest in their custodial classifications or

[2]/ In the Court's previous Report and Recommendation it was recommended that plaintiff's claims against Sgt. Brown be dismissed without prejudice pursuant to Rule 4(m), Fed.R.Civ.P. (Rec. doc. 23).

placement within a particular jail facility. Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999)(quoting Whitley v. Hunt, 158 F.3d 882, 889 (5th Cir. 1998), abrogated in part on other grounds by Booth v. Churner, 532 U.S. 731, 121 S.Ct. 1819 (2001)). The fact that plaintiff may have been housed with individuals already convicted of criminal offenses therefore fails to state a claim under §1983 for which relief can be granted.

Defendants are also correct that the PLRA now requires a physical injury before a prisoner can recover for psychological damages. Harper, 174 F.3d at 719. Title 42 U.S.C. §1997e(e) provides that "[n]o federal civil action may be brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Fifth Circuit has even applied the PLRA's physical injury requirement to prisoners' First Amendment damage claims in addition to conditions-of-confinement damage claims. Geiger v. Jowers, 404 F.3d 371, 374-75. (5th Cir. 2005).

While the conditions that plaintiff complains of, if true, were undeniably unpleasant, he does not allege that he suffered a physical injury as a result thereof and he seeks only monetary damages in this lawsuit. That being the case, his claim for emotional or mental damages under §1983 is barred by the operation of §1997e(e). Herman v. Holiday, 238 F.3d 660, 665-67 (5th Cir.

2001)(monetary damage claims for exposure to asbestos, cold showers, cold food, unsanitary dishes, insect problems, lack of adequate clothing, and presence of an open “cesspool” near housing unit barred by §1997e(e) in the absence of physical injury); Harper, 174 F.3d at 719.

**RECOMMENDATION**

For the foregoing reasons, it is recommended that defendants’ Rule 12(b)(6) motion be granted and that plaintiff’s suit be dismissed.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 28th day of June, 2007.

UNITED STATES MAGISTRATE JUDGE